UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RICE,<br><br>           Petitioner,<br><br>      v.<br><br>CYNTHIA Y. TAMPKINS,<br><br>           Respondent. | No.  2:15-cv-00700-GGH<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed two motions on July 20, 2015, which the court will deny.  Nevertheless, in light of petitioner's motions the court will grant him a 30-day extension sua sponte to file an opposition to respondent's motion to dismiss.

Respondent filed a motion to dismiss the petition on June 22, 2015, arguing that petitioner failed to exhaust his state remedies with respect to claims one through three and five through seven, and that claims one through three, five, and six fail to present a federal question.  ECF No. 9.  Because petitions containing both exhausted and unexhausted claims (also known as "mixed petitions") are generally barred, respondent requests that the court dismiss the petition in its entirety.  See Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).  In accordance with the court's April 23, 2015 order petitioner had thirty (30) days to file an opposition to respondent's

1

motion. See ECF No. 5. On July 20, 2015, petitioner filed a self-styled "motion for enlargement of time" and a "motion to dismiss unexhausted claims." ECF Nos. 11, 12. Petitioner's motion for enlargement of time requests additional time "to correct any errors" in his petition **if** the court finds that any errors exist. ECF No. 11. Petitioner's motion to dismiss unexhausted claims states, in full, "I Petitioner Eugene Rice respectfully request that all unexhausted claims be dismissed and that review of the instant case proceed." ECF No. 12.

Petitioner does not seem to understand that if he does not oppose respondent's motion to dismiss at least in part, respondent's motion will be granted and his petition will be dismissed. Neither of petitioner's motions can fairly be construed as an opposition. What's more, petitioner cannot, in leiu of an opposition, file a request that the court engage in a sua sponte review of respondent's motion to dismiss and grant or deny it at its discretion. Such a motion amounts to, if anything, a notice of non-opposition to respondent's motion.

Petitioner's opposition was due by July 22, 2015. Accordingly, petitioner has failed to file a timely opposition. Nevertheless, in light of petitioner's pro se status and his motion seeking an extension of time to correct his petition's deficiencies, the court will grant him a 30-day extension sua sponte. Accordingly, THE COURT HEREBY ORDERS that:

1. Petitioners July 20, 2015 motions, ECF Nos. 11, 12, are DENIED; and
2. Petitioner must file an opposition or notice of non-opposition to respondent's motion to dismiss by August 21, 2015. Respondent's reply, if any, shall be filed and served within fourteen (14) days thereafter.

Dated: July 28, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

2