UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RICE,<br><br>    Petitioner,<br><br>v.<br><br>CYNTHIA Y. TAMPKINS,<br><br>    Respondent. | No. 2:15-cv-00700-GGH<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court is respondent's motion to dismiss for failure to exhaust state court remedies. The court finds that the petition includes several claims that are unexhausted. Nevertheless, in light of the liberal standard applicable to pro se parties, the court will not dismiss the petition quite yet. Instead, the court will refrain from disposing of respondent's motion to dismiss until petitioner has had the opportunity to seek a stay and abeyance of his unexhausted claims.

PROCEDURAL AND FACTUAL BACKGROUND

Petitioner was convicted of second degree robbery in Placer County Superior Court on October 17, 2011. ECF No. 1 at 2.[1] Petitioner then appealed his conviction to California's

---

[1] The undersigned uses the pagination generated by the court's electronic filing system where available. Where unavailable, the undersigned uses whatever pagination appears on the document at issue.

1

intermediate court, arguing that (1) the trial court erred in admitting evidence of a suspicious vehicle; (2) the trial court erred in admitting evidence of petitioner's paystub and traffic ticket; (3) the trial court erred in admitting a letter allegedly written by petitioner while in jail; (4) the trial court erred in failing to *sua sponte* instruct the jury with CALCRIM No. 371 (consciousness of guilt); (5) the trial court erred in allowing Detective Summers's opinion testimony regarding the identity of a person portrayed on a video; (6) the trial court erred in failing to instruct the jury that accomplice testimony required corroboration; (7) the evidentiary and instructional errors cumulatively deprived petitioner of his due process right to a fair trial; and (8) insufficient evidence supports petitioner's conviction for second degree robbery.  Id., Attachment, Appellate Brief at i–iv.  Petitioner then filed a petition for certiorari with the California Supreme Court (hereinafter "Petition for Certiorari"), arguing that (1) the trial court erred in failing to *sua sponte* instruct the jury with CALCRIM No. 371; (2) the trial court deprived petitioner of his due process right to a fair trial, as the evidence available was legally insufficient to prove his guilt beyond a reasonable doubt; and (3) the California Courts of Appeal did not apply the proper harmless error standard.  ECF No. 10, Lodged Document No. 5 (Hardcopy).  The Petition for Certiorari was denied on June 26, 2014.  ECF No. 1, Attachment, Appellate Brief at 3.

Petitioner filed his petition in this court on March 27, 2015, followed shortly thereafter by a motion to proceed in forma pauperis.  ECF Nos. 1, 2.  On April 13, 2015, petitioner filed a consent to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636.  ECF No. 4.  On April 23, 2015, the court granted petitioner's motion to proceed in forma pauperis and directed respondent to respond within sixty (60) days.  ECF No. 5.  On June 5, 2015, respondent also filed a consent to proceed before the undersigned.  ECF No. 8.  On June 22, 2015, respondent filed a motion to dismiss the petition, arguing that it contains unexhausted claims and asserts violations of state law inappropriate for inclusion in a habeas petition.  ECF No. 9.  On the same day, respondent filed a notice stating that she had submitted hardcopies of certain documents to the Clerk of the Court.  ECF No. 10.  On July 20, 2015, petitioner filed a motion for extension of time to file an opposition in the event that the court found his petition contained any errors.  ECF No. 11.  On the same day, petitioner filed a motion to dismiss any unexhausted claims included in

his petition. ECF No. 12. On July 29, 2015, the court denied both motions, explaining that the burden is on petitioner to establish his petition should not be dismissed. ECF No. 13. Nevertheless, the court granted petitioner an extension of time to file an opposition or non-opposition to respondent's motion to dismiss. Id. On August 24, 2015, petitioner submitted an opposition. ECF No. 14.

## LEGAL PRINCIPLES

Section 2254 entitles prisoners in custody "pursuant to the judgment of a State court" to relief if they can establish that they are "in custody in violation of the Constitution or laws or treaties of the United States." The exhaustion of state court remedies, however, is a prerequisite to the granting of any habeas corpus petition. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982); see also Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims."). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008) ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Lundy, 455 U.S. at 510. A mixed petition containing both exhausted and

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

3

1  unexhausted claims, in other words, must be dismissed.  Id.

2  Finally, prisoner pro se pleadings are construed liberally.  Erickson v. Pardus, 551 U.S.
3  89, 94, (2007) (per curiam) ("A document filed pro se is to be liberally construed."); Porter v.
4  Ollison, 620 F.3d 952, 958 (9th Cir. 2010).  "However, in construing pro se petitions liberally, the
5  petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw
6  only reasonable factual inferences in the petitioner's favor."  Porter, 620 F.3d at 958.

## DISCUSSION

The court will order petitioner to either dismiss his unexhausted claims or file a motion for a stay and abeyance in accordance with this order.

Petitioner claims that (1) the trial court erred in admitting evidence of a suspicious vehicle (Claim One); (2) the trial court erred in admitting evidence of petitioner's paystub and traffic ticket (Claim Two); (3) the trial court erred in admitting a letter allegedly written by petitioner while in jail (Claim Three); (4) the trial court erred in failing to *sua sponte* instruct the jury with CALCRIM No. 371 (consciousness of guilt) (Claim Four); (5) the trial court erred in allowing Detective Summers's opinion testimony regarding the identity of a person portrayed on a video (Claim Five); (6) the trial court erred in failing to instruct the jury that accomplice testimony required corroboration (Claim Six); (7) the evidentiary and instructional errors cumulatively deprived petitioner of his due process right to a fair trial (Claim Seven); and (8) insufficient evidence supports petitioner's conviction for second degree robbery (Claim Eight).  ECF No. 1, Attachment, Appellate Brief.  Petitioner states that he presented these claims before the California Courts of Appeal.  ECF No. 1 at 3.  Respondent, however, asserts that petitioner failed to assert Claims One through Three, and Five through Seven before the California Supreme Court.  ECF No. 9 at 3.  Accordingly, respondent argues that petitioner has not exhausted his state court remedies as to the foregoing claims and requests that the court dismiss the petition as mixed.  Id.

According to the Petition for Certiorari, petitioner asserted before the California Supreme Court that (1) the trial court erred in failing to *sua sponte* instruct the jury with CALCRIM No. 371; (2) the trial court deprived petitioner of his due process right to a fair trial, as the evidence available was legally insufficient to prove his guilt beyond a reasonable doubt; and (3) the

California Courts of Appeal did not apply the proper harmless error standard.  Based on the foregoing, the court finds that Claim Four and Claim Eight were presented before the California Supreme Court.[3]  The petition's remaining claims cannot fairly be said to have been presented before the California Supreme Court and accordingly, have not been exhausted.

Respondent would have the court dismiss the petition based on the foregoing.  However, in light of the liberal construction afforded pro se pleadings the court will give petitioner the opportunity to seek a stay and abeyance before dismissing the petition entirely.  Motions for stay and abeyance are used to avoid the serious statute of limitations problems that can arise when mixed petitions are dismissed.  King v. Ryan, 564 F.3d 1133, 1139 (9th Cir. 2009) (citing Rhines v. Weber, 544 U.S. 269, 275 (2005)).  In order to re-file a petition that includes unexhausted claims, a petitioner must first present those claims before the State's highest court.  Lundy, 455 U.S. at 522 (1982).  However, while the petitioner safely litigates his unexhausted claims, see 28 U.S.C. § 2244 (d)(2) (tolling the Antiterrorism and Effective Death Penalty Act's ("AEDPA") 1-year statute of limitations during the pendency of state post-conviction review), the statute of limitations on his *exhausted* claims continues to run, Duncan v. Walker, 533 U.S. 167, 181–82 (2001) (noting that the statute of limitations is not tolled on habeas claims while they are pursued in federal court).  This can mean that by the time a petitioner has exhausted his previously unexhausted claims, his previously *exhausted* claims are barred by AEDPA's statute of limitations.

In recognition of this potential barrier to relief, the United States Supreme Court has outlined standards by which a petitioner might have his petition stayed and his exhausted claims held in abeyance while he pursues his unexhausted claims.  Rhines, 544 U.S. at 277–78.  A motion for stay and abeyance is available as long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit;

////

---

[3] According to the Petition for Certiorari, Claims Five and Six are not included because the appellate court agreed with petitioner that as to those counts the trial court erred. ECF No. 10, Lodged Document No. 5 at 15. Nevertheless, the appellate court affirmed petitioner's conviction, finding that it was supported by sufficient evidence. Id. at 15–16.

1    and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the
2    litigation. Id.

3    If petitioner wishes to stay this action he must file a motion addressing the Rhines factors.
4    In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564
5    F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). In King, the
6    Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also
7    have discretion to permit petitioners to follow the three-step stay and abeyance procedure
8    approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v.
9    Small. Pursuant to the King procedure, (1) a petitioner amends his petition to delete any
10   unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted
11   petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted
12   claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims
13   to the original petition. Kelly, 315 F.3d at 1070–71. The King stay and abeyance procedure has
14   no requirement of a good cause showing or that the claims are potentially meritorious, but statute
15   of limitations problems for the dismissed claims become more problematic.

16   In light of the court's decision that petitioner should be given the opportunity to file a
17   motion for stay and abeyance, it will not reach respondent's argument that Claims One through
18   Three, Five, and Six fail to present a cognizable federal question. The court will reach this
19   argument when it decides respondent's motion to dismiss.

20                                    CONCLUSION
21   In accordance with the foregoing, THE COURT HEREBY ORDERS that:

22   1. Within twenty-one (21) days of the service of this order petitioner shall either (1) file
23   an amended petition voluntarily dismissing his unexhausted claims, and not asking for any type of
24   stay and abeyance, or (2) file a motion for stay and abeyance. A failure to do either of these will
25   result in the granting of respondent's motion to dismiss for failure to exhaust state court remedies.
26   ////
27   ////
28   ////

    2. If petitioner files a motion for stay and abeyance, respondent shall file an opposition or notice of non-opposition within fourteen (14) days.  Petitioner shall file a reply, if any, within fourteen (14) days of the service of respondent's opposition.

Dated:  November 28, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

/GGH17;rice700.mixed