UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RICE, | No. 2:15-cv-00700-GGH |
| Petitioner, | |
| v. | ORDER[1] |
| CYNTHIA Y. TAMPKINS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently, petitioner's December 23, 2015, self-styled motion to dismiss his own unexhausted claims is pending.

Petitioner filed his original petition on March 27, 2015. ECF No. 1. On April 23, 2015, the court ordered respondent to file a response. ECF No. 5. On June 22, 2015, respondent filed a motion to dismiss the petition. ECF No. 9. On July 20, 2015, petitioner filed a self-styled "motion for enlargement of time" and motion to dismiss his own unexhausted claims. ECF Nos. 11, 12. Plaintiff's motion for enlargement of time requested additional time "to correct any errors" in his petition if the court found that any errors existed, ECF No. 11, while his motion to dismiss his own unexhausted claims requested "that all unexhausted claims be dismissed and that

---

[1] The parties have consented to the undersigned presiding for all purposes pursuant to 28 U.S.C. section 636(c).

1

1   review of the instant case proceed," ECF No. 12.  On July 29, 2015, the court denied petitioner's
2   motions, explaining that he was effectively asking the court to "engage in a sua sponte review of
3   respondent's motion to dismiss and grant or deny it at its discretion," something it is not
4   empowered to do.  ECF No. 13.  Instead, the court directed petitioner to file an opposition or
5   notice of non-opposition to respondent's motion to dismiss by August 21, 2015.  Id.

6   On August 24, 2015, petitioner filed an opposition to respondent's motion to dismiss.
7   ECF No. 14.  On November 30, 2015, the court issued an order neither granting nor denying
8   respondent's motion to dismiss.  ECF No. 15.  Instead, the court ordered petitioner to either file
9   an amended petition or a motion for a stay and abeyance of his exhausted claims, allowing him to
10  safely pursue his unexhausted claims in state court.  Id.  On December 23, 2015, petitioner filed
11  an amended petition along with an "amended writ of habeas corpus petition, motion to voluntarily
12  dismiss unexhausted claims and to proceed with exhausted claims pursuant to court order."  ECF
13  Nos. 16, 17.  Although the latter motion is difficult to decipher, petitioner seems to use it as a sort
14  of attachment to his amended petition, elaborating upon the claims contained therein.
15  Accordingly, the court will consider this filing when disposing of the amended petition.

16  Respondent has filed an answer to the amended petition raising three claims recognizing
17  that petitioner has not set forth any unexhausted claims.  Therefore, there is no need to adjudicate
18  an exhaustion question, and it is clear to the court that petitioner desires to proceed only on
19  exhausted claims.  The amended petition will be reviewed on its merits.  However, petitioner will
20  be given an opportunity to respond to the answer in a traverse.

21  In accordance with the foregoing, THE COURT HEREBY ORDERS that:

22  1. Petitioner's December 23, 2015, filing, ECF No. 17, is DENIED as unnecessary to the
23  extent it can be construed as a motion to dismiss his own unexhausted claims; and

24  2. Respondent's motion to dismiss, ECF No. 9, is found to be resolved in light of the
25  amended petition and respondent's January 25, 2016, superseding answer.

26  ////
27  ////
28  ////

3. Petitioner shall file a traverse (opposition to the answer) within thirty days of the filed date of this petition. If no traverse is filed, the case will be adjudicated upon the amended petition and answer.

Dated: February 22, 2016

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

/rice700.deny